WALTER SMITH v. STATE.

150 So. 604.
Special Division B.
Opinion Filed October 25, 1933.

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State;
*Kehoe & Kehoe,* for Plaintiff in Error.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be, and the same is hereby affirmed.

DAVIS, C. J., and WHITFIELD and BUFORD, J. J., concur.

F. H. RAND, JR., v. MAYME J. PEPPARD, *et al.*

150 So. 592.
Special Division B.
Opinion Filed October 25, 1933.

*Bart A. Riley* and *J. Aaron Albott,* for Plaintiff in Error; *Emmet C. Choate,* for Defendants in Error.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the

judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be, and the same is hereby affirmed.

DAVIS, C. J., and WHITFIELD and BUFORD, J. J., concur.

CITY OF MIAMI, et al., v. D. LEE.

151 So. 317.
Special Division B.
Opinion Filed October 25, 1933.

J. W. Watson, Jr., for Appellants;

Albert B. Bernstein, for Appellee;

Thompson, Wood & 'Hoffman and Shutts & Bowen as Amici Curiae.

PER CURIAM.—The decree in this case is affirmed on authority of the opinion and judgment in the case of City of Tampa v. Lee this day filed and of Sanford v. Dial, 104 Fla. 1, 142 So. 233. The Miami city charter provides that special assessments upon property shall constitute a lien "of the same nature and to the same extent as the lien for general city taxes"; but such provision does not make such